# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEESHA PATEL, derivatively on behalf of GOODRX HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOUGLAS HIRSCH, TREVOR BEZDEK, KARSTEN VOERMANN, CHRISTOPHER ADAMS, JULIE BRADLEY, DIPANJAN DEB, ADAM KAROL, JACQUELINE KOSECOFF, STEPHEN LESIEUR, GREGORY MONDRE, and AGNES REY-GIRAUD, <br><br> Defendants, <br><br> and <br><br> GOODRX HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 2:21-cv-03671-JEM <br><br><br> **ORDER CONSOLIDATING RELATED ACTIONS AND APPOINTING CO-LEAD COUNSEL [9]** |
| WAYNE GEIST, derivatively on behalf of GOODRX HOLDINGS, INC., <br><br> Plaintiff, | Case No. 2:21-cv-03829 |

- 1 -
**ORDER CONSOLIDATING RELATED ACTIONS AND
APPOINTING CO-LEAD COUNSEL**

|   |   |
|---|---|
| 1 | v. |
| 2 | DOUGLAS HIRSCH, TREVOR BEZDEK, KARSTEN VOERMANN, CHRISTOPHER ADAMS, JULIE BRADLEY, DIPANJAN DEB, ADAM KAROL, JACQUELINE KOSECOFF, STEPHEN LESIEUR, GREGORY MONDRE, and AGNES REY-GIRAUD, |
| 6 | Defendants, |
| 7 | and |
| 9 | GOODRX HOLDINGS, INC., |
| 10 | Nominal Defendant. |

Pursuant to the Stipulation and [Proposed] Order Consolidating Related Actions and Appointing Co-Lead Counsel filed by Plaintiffs Neesha Patel and Wayne Geist ("Plaintiffs"), Defendants Douglas Hirsch, Trevor Bezdek, Karsten Voermann, Christopher Adams, Julie Bradley, Dipanjan Deb, Adam Karol, Jacqueline Kosecoff, Stephen Lesieur, Gregory Mondre, and Agnes Rey-Giraud; and Nominal Defendant GoodRx Holdings, Inc. ("Defendants'), and good cause appearing, IT IS HEREBY ORDERED THAT:

1.  The following actions are hereby consolidated for all purposes, including pre-trail proceedings and trial, under Case No. 2:21-cv-03671-JEM (the "Consolidated Action"):

| **Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Neesha Patel v. GoodRx Holdings, Inc., et al.* | 2:21-cv-03671-JEM | April 29, 2021 |
| *Geist v. Hirsch, et al.* | 2:21-cv-03829 | May 5, 2021 |

2.  Every pleading filed in the Consolidated Action, or in any separate action included herein, musted bear the following caption:

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOODRX HOLDINGS, INC. DERIVATIVE LITIGATION | Lead Case No. 2:21-cv-03671-JEM |
| This Document Relates to:<br><br>ALL ACTIONS | |

3. All papers filed in connection with the Consolidated Action will be maintained in one filed under Lead Case 2:21-cv-03671-JEM.

4. Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, SBN 219683
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

5. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

6. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

7. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Action.

8. This Order shall apply to each related shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court ("Potential Subsequent Related Derivative Action"). When a shareholder derivative action that properly belongs as part of *In re GoodRx Holdings, Inc. Derivative Litigation*, Lead Case No. 2:21-cv-03671-JEM, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re GoodRx Holdings, Inc. Derivative Litigation*, Lead Case No. 2:21-cv-03671-JEM, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to Potential Subsequent Related Derivative Actions filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court.

9. All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action. The complaint filed in the *Patel* Action shall be deemed the operative complaint in the Consolidated Action.

10. Within sixty (60) days of the Court's so ordering this stipulation, the Parties will submit a proposed scheduling order to the Court. Defendants need not respond to the complaint filed in the *Patel* Action until the date set in the Court's ruling on that proposed schedule.

11. The parties have expressly reserved all jurisdictional challenges, defenses, and claims not yet asserted, including, but not limited to, *forum non conveniens*, improper venue, and any other procedural or substantive challenge to the *Patel* and *Geist* Actions.

12. This order is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions.

**IT IS SO ORDERED.**

Dated:   November 1, 2021       By: _David O. Carter_____
                                    The Honorable John E. McDermott
                                    United States Magistrate Judge